IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NIKKI WOOD                                                                                          PLAINTIFF

v.                                          Case No. 3:10-CV-03114

OUTPATIENT SURGERY CENTER, INC. AND
DOUGLAS W. MARX, M.D., P.A.                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Defendants' Motion for Summary Judgment (Doc. 27) and Brief in Support (Doc. 29); Plaintiff's Response (Doc. 33) and Brief in Support (Doc. 34); and Defendants' Reply (Doc. 36). For the reasons discussed below, Defendants' Motion for Summary Judgment (Doc. 27) is **GRANTED**. In light of this determination, Defendants' Motion for Partial Summary Judgment (Doc. 16), Motion in Limine (Doc. 37), and Motion to Bifurcate (Doc. 39) are **DENIED AS MOOT**.

**I. Background**

Plaintiff Nikki Wood is a registered nurse who was hired to work for Defendant Outpatient Surgery Center, Inc. ("OSC"). In early October 2009, OSC Outpatient Clinical Director Jodi Price interviewed Plaintiff and conducted an orientation tour of the OSC facilities, at which point the parties agree that Plaintiff was hired. On or about October 19, 2009, before Plaintiff reported for her first day of work, OSC fired Plaintiff. OSC admits and Plaintiff agrees that the reason why Plaintiff was terminated was because a physician named Dr. Merhab who was a prospective hire at OSC refused to join the practice if it meant having to work with Plaintiff. It appears that Dr. Merhab disliked Plaintiff at least in part because she gave testimony against him in a sexual harassment investigation brought when Plaintiff and Dr. Merhab worked for a former employer. Because OSC

wanted Dr. Merhab to join the clinical staff, and because Dr. Merhab made it clear that he would not join OSC if Plaintiff were hired to work there, OSC terminated Plaintiff.

After her termination from OSC, Plaintiff was able to return to her position with her former employer without any loss in pay or benefits.  Plaintiff maintains, however, that the working conditions at OSC were more desirable than with her current employer, a home health agency.

Plaintiff alleges in her Complaint (Doc. 1) that OSC's actions in firing her constitute retaliation prohibited by Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act. She asks that the Court reinstate her employment with Defendant, award her front pay, back pay, lost benefits, and attorneys' fees, and grant her an injunction prohibiting Defendant from retaliating against her in the future.

Defendants OSC and Douglas W. Marx, M.D., P.A.  move for summary judgment arguing that there is no causal nexus between the protected act of Plaintiff testifying in a sexual harassment case for a former employer and OSC's decision to fire her.  Defendants further maintain that there was a legitimate,  nondiscriminatory reason for terminating Plaintiff's employment, namely, that a prospective staff member refused to work with Plaintiff and would not join the staff if Plaintiff were also employed at OSC.

## II. Standard of Review

### A. Summary Judgment

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*,

165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The case at bar involves a claim of discrimination in the workplace. The Court observes that "[w]hile employment discrimination cases are often fact intensive and dependent on nuance in the workplace, they are not immune from summary judgment, and there is no separate summary judgment standard for employment discrimination cases." *Fercello v. County of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010).

**B.  Claim for Retaliation**

Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000 e-3. Similarly, under the Arkansas Civil Rights Act ("ACRA"), "[n]o person shall discriminate against any individual because such individual in good faith made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." Ark. Code Ann. § 16-123-108 (a). "Claims brought under the ACRA are to be analyzed in the same manner as Title VII claims." *Hobby v. Underground Utilities Contractors,*

3

*Inc.*, 2008 WL 4493048, *3 (E.D. Ark. Oct. 3, 2008)(citing Ark. Code Ann. § 16-123-105); *Harper v. Jefferson Hosp. Ass'n*, 2011 WL 2160558, *2 (E.D. Ark. June 1, 2011)("[c]ourts apply the same analysis to claims of retaliation under Title VII, 42 U.S.C. § 1981, and ACRA").

To establish a prima facie case for retaliation, Plaintiff must show that she: (1) engaged in protected conduct, including opposition to an action prohibited by Title VII; (2) suffered an adverse employment action, and (3) can establish a "'causal nexus between the protected conduct and the adverse action.'" *Tyler v. Univ. of Ark. Bd. of Trustees*, 628 F.3d 980, 985 (8th Cir. 2011) (quoting *Lewis v. Heartland Inns of Am., LLC*, 591 F.3d 1033, 1042 (8th Cir. 2010)). The "causal nexus" requirement according to the Eighth Circuit means that Plaintiff must establish sufficient facts to show that the protected conduct was a "'determinative – not merely motivating – factor in the employer's adverse employment decision.'" *Tyler*, 528 F.3d at 985 (quoting *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1148 (8th Cir. 2008)).

If Plaintiff successfully makes out a prima facie case for retaliation, "the burden shifts to the employer to 'articulate a legitimate, nondiscriminatory reason for the action.'" *Tyler*, 628 F.3d at 985 (quoting *Maxfield v. Cintas Corp., No. 2*, 427 F.3d 544, 550 (8th Cir. 2005)). "Ultimately, the plaintiff must establish the employer's adverse action was based on intentional discrimination." *Buettner v. Eastern Arch Coal States Co.*, 216 F.3d 707, 714 (8th Cir. 2000). A motion for summary judgment can be defeated if Plaintiff can discredit the employer's stated reasons for the adverse employment action and "show circumstances that would permit drawing a reasonable inference that the real reason was retaliation." *Fanning v. Potter*, 2009 WL 497573, *5 (E.D. Ark. Feb. 25, 2009).

**III. Discussion**

Although Plaintiff's claims for unlawful retaliation arise from both Title VII and the ACRA,

4

the Court analyzes those claims in the same manner, using the same legal criteria. *Hobby*, 2008 WL 4493048 at *3. Turning to the facts set forth in the Complaint, it is clear that even when such facts are viewed in a light most favorable to Plaintiff, she has failed to establish a prima facie case for retaliation. A prima facie case requires a nexus between the protected conduct engaged in by Plaintiff and the adverse employment action she ultimately suffered. *Tyler*, 628 F.3d at 985. Here, Plaintiff asserts that she gave testimony in an EEOC investigation involving sexual harassment charges against a physician named Dr. Merhab. She gave this testimony sometime between September 2004 and April 2009, when she and Dr. Merhab were both employed by Physicians Medical Center.

 Plaintiff's asserted protected activity occurred while she was employed by a former employer some months if not years prior to being hired by Defendants. The evidence before the Court establishes that Defendants made the business decision to terminate a new hire, Plaintiff, in favor of a prospective hire, Dr. Merhab. Simply put, Defendants prioritized hiring a doctor over a nurse, when hiring the doctor was a potentially lucrative business prospect and the continued employment of Plaintiff would jeopardize that prospect. Such a justification for terminating an at-will employee is perfectly legal.

 There is no nexus between Plaintiff's EEOC testimony for a former employer and Defendants' decision to fire Plaintiff. Plaintiff cites to the testimony of Dr. Douglas Marx, the owner of OSC, who stated that he did not know and did not care why Dr. Merhab did not want to work with Plaintiff at OSC. Doc. 35-4, p. 3. Dr. Marx placed a priority on hiring Dr. Merhab to become part of the medical staff at OSC, and the fact that Dr. Merhab would not work with Plaintiff was business reason enough for OSC to fire Plaintiff. OSC is a relatively small clinic with few employees. Doc.

5

16-3.  It is undisputed that hiring Plaintiff as a full-time nurse at OSC would have required her to work in close proximity with Dr. Merhab on a daily basis had he been hired, or to possibly serve as his full-time nurse.  Moreover, Plaintiff herself admitted under oath that when she worked formerly at Physicians Medical Center with Dr. Merhab, the two did not get along and "were like oil and water."  Doc. 35-3, p. 9.

Plaintiff makes much of the fact that after Dr. Marx made the determination to fire Plaintiff, the human resources manager for OSC, Mrs. Dawn Marx, made her own inquiries as to why Dr. Merhab disliked Plaintiff and refused to work with her.  Doc. 34, pp. 5-6.  To satisfy her own curiosity, Mrs. Marx made some telephone calls and stumbled upon the fact that Plaintiff had given testimony against Dr. Merhab in an EEOC investigation.  Despite learning this information, Mrs. Marx was unable to influence her husband's decision to fire Plaintiff, as he had already made the decision based on the legitimate, non-discriminatory reasons articulated above.  Indeed, Mrs. Marx testified that she "was hoping [she] could get Marx to change his mind . . ." and felt "frustrated for me, frustrated for everybody in this situation, because it seemed out of – it was totally out of my hands."[1]  Doc. 35-2, pp. 13-14.

Although it is unfortunate that Plaintiff, who is by all accounts a skilled nurse, lost her job at OSC through no fault of her own, Defendants' decision to fire Plaintiff did not violate any federal or state law.  Moreover, Plaintiff was able to return to her former job without interruption in pay or benefits, and it appears to the Court that she suffered no monetary damage.

---

[1] Ultimately, Dr. Merhab elected not to join OSC, but this fact does not affect Plaintiff's case.

**IV. Conclusion**

Plaintiff's case is dismissed on summary judgment because there is no genuine issue of material fact regarding a nexus between Defendants' decision to fire her and any protected activity engaged in by Plaintiff. Furthermore, Defendants established a legitimate, non-discriminatory reason for firing Plaintiff, an at-will employee, and Plaintiff failed to make any showing that damages sustained by her would be anything more than speculative in nature.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. 27) is **GRANTED**, and Plaintiff's claims are dismissed with prejudice. An order of judgment shall be filed contemporaneously. Defendants' Motion for Partial Summary Judgment (Doc. 16), Motion in Limine (Doc. 37), and Motion to Bifurcate (Doc. 39) are accordingly **DENIED AS MOOT**.

IT IS SO ORDERED this 28th day of November, 2011.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE